# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| MELISSA HILL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LLR, INC. d/b/a LuLaRoe, and LULAROE, INC.,<br><br>Defendants. | CV-18-120-GF-BMM<br><br>**ORDER** |

**INTRODUCTION**

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations on Defendants LLR, Inc. and LuLaRoe, LLC ("LLR") Motion to Dismiss and Motion to Strike Class Allegations on March 8, 2019. (Doc. 50.) Judge Lynch recommended that the Court grant LLR's motion to dismiss as to Hill's claim for injunctive relief. *Id.* at 36. Judge Lynch further recommended that the Court deny LLR's motion to dismiss as to Hill's claims arising under the Montana Consumer Protection Act ("MCPA"), deny LLR's motion to dismiss for failure to state a claim, and deny LLR's motion to strike class allegations. *Id.*

1

LLR timely filed objections to Judge Lynch's Findings and Recommendations on March 22, 2019. (Doc. 52.) Because the parties are familiar with the facts, the Court will not recite them here.

## STANDARD OF REVIEW

The Court reviews de novo Findings and Recommendations to which a party timely objects. 28 U.S.C. § 636(b)(1). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable, and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted). The Court reviews for clear error findings and recommendations to which no party objects. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original response the Court likewise will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been

committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Court "must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party" when evaluating a Rule 12(b)(6) motion. *Kwan v. Sanmedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (quoting *Turner v. City & County of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015)). The complaint must allege sufficient facts to state a plausible claim for relief to survive a motion to dismiss. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015).

Federal courts generally view "with disfavor" Rule 12(b)(6) dismissals. *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.3d 208, 213 (9th Cir. 1957). "A case should be tried on the proofs rather than the pleadings." *Id.* The Court may consider documents "whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

## DISCUSSION

LLR submitted four objections to Judge Lynch's Findings and Recommendations. (Doc. 52 at 7-36.) LLR contends (1) that the Court should

enforce the MCPA's prohibition on class action lawsuits; (2) that Hill does not possess Article III standing; (3) that Hill also does not possess standing under the MCPA; and (4) that Judge Johnston should have specified in his Findings and Recommendations that LLR's motion to strike be denied without prejudice. *Id*. The Court will address each objection in turn.

**I.      MCPA's Prohibition on Class Action Lawsuits**

LLR argued in its motion to dismiss that Hill's MCPA claim should be dismissed as the MCPA expressly prohibits class actions. (Doc. 20 at 32.) (citation omitted). LLR recognized that this Court had concluded previously that Federal Rule of Civil Procedure 23 preempted the MCPA's class action ban in *Wittman v. CB1, Inc.*, 2016 WL 3093427 (D. Mont. June 1, 2016). LLR nonetheless requested that this Court abandon its conclusion in *Wittman* insofar as it applies to the instant action in light of both the different procedural posture of the instant matter and the Ninth Circuit's recent decision in *Makaeff v. Trump Univ., LLC*, 736 F.3d 1180 (9th Cir. 2013). *Id*. at 32, 36.

Judge Lynch, after considering LLR's argument, and after reviewing the various district court cases LLR cited to in support of its motion to dismiss brief, concluded that "*Wittman* remains good law." (Doc. 50 at 29.) Judge Lynch ultimately determined that this Court's decision in *Wittman* disposes of LLR's argument, and that the MCPA's prohibition on class actions fails to apply to the

4

instant litigation. *Id*. LLR objects to Judge Lynch's determination and asks this Court to again reconsider its *Wittman* decision. *Id*. LLR specifically requests that this Court review de novo the issue of whether Rule 23 preempts the MCPA's ban on class actions as the Court in *Wittman* reviewed this issue for clear error due to CB1's failure to timely submit objections. *Id*. at 8 n. 1.

The Court in *Wittman* reviewed for clear error in name only the magistrate judge's findings and recommendations. The Court in *Wittman* explained the differences between Rule 23 and the MCPA, highlighted the plurality opinion in *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), and recollected various courts interpretation of *Shady Grove*. *Wittman*, 2016 WL 3093427 at *4-6. The Court likewise noted that the Ninth Circuit had never addressed "the conflict between the MCPA class action prohibition and Rule 23." *Id*. at *5. The Court declined to follow the concurrence in *Shady Grove. Id*. The Court instead elected to "look only to the part of Justice Scalia's opinion to which five Justices joined, and the pre-*Shady Grove* approach in the Ninth Circuit, to determine whether application of a federal rules violates the Rules Enabling Act." *Id*. at *6.

LLR's objection as to Judge Lynch's Findings and Recommendations on whether Rule 23 preempts the MCPA's class action ban largely amounts to a rehashing of the same arguments presented to Judge Lynch necessitating clear

5

error review. *See Rosling*, 2014 WL 693315 at *3. The Court has not addressed the conflict between the MCPA's ban on class actions and Rule 23, however, since the Court decided *Wittman* in 2016. As a result, the Court will take this opportunity to review de novo this conflict.

**A. De Novo Review of Shady Grove Conflict**

LLR argues that the Court should apply Justice Steven's concurring opinion in *Shady Grove* to determine whether Rule 23 violates the Rules Enabling Act in a class action suit based on a claim under the MCPA. (Doc. 52 at 16.) "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." *Mark v. United States*, 430 U.S. 188, 193 (1977) (internal quotations and citation omitted). The Ninth Circuit has explained that "so long as the opinion that is a logical subset is an opinion that concurred in judgment, the broader opinion of which it is a subset can be a dissent." *United States v. Robertson*, 875 F.3d 1281, 1291 (9th Cir. 2017).

   **i.** *Shady Grove* **Opinions**

The Supreme Court in *Shady Grove* faced the question of whether a New York state law that prohibits class actions in suits seeking penalties or statutory minimum damages "precludes a federal district court sitting in diversity from

6

entertaining a class action under Federal Rule of Civil Procedure 23." *Shady Grove*, 559 U.S. at 396. The Supreme Court answered no. *Id*. at 396-416. Supreme Court's decision in *Shady Grove*, however, consisted of a four-justice plurality, a lone-justice concurrence, and a four-justice dissent. *See* (Doc. 50 at 26.) The Court briefly will address, in turn, each of these opinions.

### a. Four-Justice Plurality Opinion

The four-justice plurality in *Shady Grove* employed a two-prong analysis in determining whether the New York statute or Rule 23 governed whether the plaintiffs could litigate a class action lawsuit in a federal district court sitting in diversity. *See Shady Grove*, 559 U.S. at 398-410. First, the Supreme Court "determined whether Rule 23 answers the question in dispute." *Id*. at 398. The Supreme Court concluded that "Rule 23 provides a one-size-fits-all formula for deciding the class-action question." *Id*. at 399. The New York statute also answered the question in dispute. *Id*. The New York statute, because of the relief it seeks, however, fails to "apply in diversity suits unless Rule 23 is ultra vires." *Id*.

The Supreme Court, answering yes to prong one, turned to the question of "whether Rule 23 [fell] within the statutory authorization." *Id*. at 406. Congress, pursuant to the Rules Enabling Act, authorized the Supreme Court "to promulgate rules of procedure subject to its review." *Id*. at 406-07 (citation omitted). Congress constrained the Supreme Court promulgation of certain rules, however, by

precluding the Supreme Court from promulgating rules that "abridge, enlarge or modify any substantive right." *Id*. at 407 (citation omitted).

The promulgated rules, therefore, "must really regulat[e] procedure,—the judicial process for enforcing rights and duties recognized by substantive law and for justly remedy and redress for disregard or infraction of them." *Id*. (internal quotations and citations omitted) (alteration in original). The question then becomes what matters the rule itself intends to regulate. *Id*. If the rule "governs only the manner and the means by which the litigants' rights are enforced, it is valid." *Id*. (internal quotations and citations omitted). If the rule "alters the rules of decision by which [the] court will adjudicate [those] rights," however, then the rule remains invalid. *Id*. (internal quotations and citation omitted) (alterations in original).

The Supreme Court answered that application of Rule 23 in the instant action failed to violate the Rules Enabling Act. *Id.* at 408, 411. "Rule 23—at least insofar as it allows willing plaintiffs to join their separate claims against the same defendants in a class action—[fell] within the [Rules Enabling Act's] authorization." *Id*. at 408. The Supreme Court reversed the Court of Appeals decision to affirm the district court's dismissal of the instant action for lack of jurisdiction. *Id*. at 397-98, 416.

8

### b. Justice Steven's Concurrence

Justice Steven's agreed with the four-justice plurality, that Rule 23, rather than the New York statute, applied in the case at bar. *Id*. at 416 (Stevens, J., concurring). Justice Stevens equally agreed with the four-justice dissent, however, that there exist "some state procedural rules that federal courts must apply in diversity cases because they function as a part of the State's definition of substantive rights and remedies." *Id*. at 416-17.

Justice Stevens agreed that the two-step framework, as used by the four-justice plurality, proved applicable to the instant issue in dispute. *Id*. at 421. Justice Stevens nonetheless disagreed on what application of prong two entails. *Id*. Upon satisfaction of prong one, "the court must decide whether application of the federal rule represents a valid exercise of the rulemaking authority . . . bestowed on this Court by the Rules Enabling Act." *Id*. at 422 (internal quotations and citations omitted). As noted by the four-justice plurality, the Rules Enabling Act mandates that federal rules "not abridge, enlarge or modify any substantive right." *Id*. (citation and emphasis omitted).

Justice Stevens reasoned that "[w]hen a federal rule appears to abridge, enlarge, or modify a substantive right, federal courts must consider whether the rule can reasonably be interpreted to avoid that impermissible results." *Id*. at 422-23 (citation omitted). A federal rule "cannot govern a particular case in which the

rule would displace a state law that is procedural in the ordinary use of the term but is so intertwined with a state right or remedy that it functions to define the scope of the state-created right." *Id.* at 423.

Justice Stevens, like the plurality, answered yes to the first question, and no to the second question. *Id.* at 429, 431. Justice Stevens explained with regard to prong two that the "mere possibility that a federal rule would alter a state-created right" fails to suffice; there must exist little doubt. *Id.* at 432. The New York statutory provision at issue applies to claims based on New York state law and federal law. *Id.* As a result, the New York statute—admittedly procedural in form—fails to "serve the function of defining New York's state rights or remedies." *Id.* Justice Stevens ultimately concurred, in part, and concurred in the plurality's judgment. *Id.* at 436.

### c. Justice Ginsburg's Dissent

Justice Ginsburg, along with Justice Kennedy, Justice Breyer, and Justice Alito, dissented from the plurality's opinion. *Id.* at 436 (Ginsburg, J., dissenting). Justice Ginsburg explains that a federal rule applies in diversity suits if the rule "controls an issue and directly conflicts with state law," and remains consonant with the Rules Enabling Act. *Id.* at 438. The Rules of Decision Act controls where there exists no federal rule or statute that governs the issue in dispute. *Id.*

Justice Ginsburg reasons that the legislative history of the New Statute at issue supports that the statute fails to collide with Rule 23. *Id*. at 446. "Rule 23 describes a method of enforcing a claim for relief, while § 901(b) defines the dimensions of the claim itself." *Id*. at 447. The inquiry then becomes "whether application of the [state] rule would have so important an effect upon the fortunes of one or both of the litigants that failure to [apply] it would be likely to cause a plaintiff to choose the federal court." *Id*. at 452 (citation omitted) (alterations in original). The dissent concludes that the New York statute's "limitation on the recovery of statutory damages applies in this case." *Id*. at 459.

### i. MCPA and Rule 23 Conflict

The Court in *Wittman* concluded that MCPA's prohibition on class action lawsuits remains procedural in nature necessitating the Court to apply Rule 23 to determine whether plaintiffs may bring a class action suit alleging a violation of the MCPA. *Wittman*, 2016 WL 3093427, at *6. In doing so, the Court elected to "look only to the part of Justice Scalia's opinion to which five Justices joined, and the pre-*Shady Grove* approach in the Ninth Circuit, to determine whether application of a federal rules violates the Rules Enabling Act." *Id*.

The Ninth Circuit has since concluded that the Court may consider dissents insofar as the opinion that concurred in judgment constitutes the logical subset of the broader opinion—the dissent in this instance. *Robertson*, 875 F.3d at 1291. The

Ninth Circuit reached this conclusion in *Robertson* upon reviewing the Supreme Court's 4-1-4 fractured decision in *Rapanos v. United States*, 547 U.S. 715 (2006), a case that like *Robertson*, dealt with issues steaming from the Clean Water Act. *Id*. at 1287, 1291. The Ninth Circuit has yet to address whether the reasoning in *Robertson* applies to post-*Shady Grove* cases.

The Court based its decision in *Wittman* on Ninth Circuit having yet to address whether the conflict between the MCPA's ban on class actions and Rule 23. The Ninth Circuit's reasoning in *Robertson* fails to persuade the Court that it should conclude that the *Shady Grove* concurrence constitutes the narrowest grounds. Justice Stevens agreed with the plurality's conclusion that Rule 23 preempted the New York statute at issue. *Shady Grove*, 559 U.S. at 416 (Stevens, J., concurring). Justice Stevens agreed with the plurality's two prong test. *Id*. at 416, 421. Justice Stevens's inquiry used to satisfy prong two proves broader than the plurality's inquiry. *See id*. at 422. Justice Stevens's concurrence fails to constitute the logical subset of the plurality opinion.

Justice Stevens's concurrence similarly fails to constitute logical subset of the dissenting opinion. Justice Stevens agreed with Justice Ginsburg's reasoning that there exists state procedural rules that function as part of a state's defined substantive rights and remedies that would require a federal court sitting in diversity to apply the state law in lieu of the federal procedural law. *Id*. at 416-417.

Justice Stevens's agreement with the plurality, and the differing prong one inquiry than the inquiry proposed by the dissent, logically lead the Court to conclude that the dissent does not subsume Justice Stevens's concurrence.

The Court, unless, and until, the Ninth Circuit address the conflict between MCPA and Rule 23, will continue to apply the portion of *Shady Grove* to which a majority of justices agreed. As the Court concluded in *Wittman*, this approach translates to the Court applying Rule 23, instead of the MCPA, to determine whether a MCPA claim may be brought as a class action. *Wittman*, 2016 WL 3093427, at *6. *Wittman* disposes of LLR's argument in its Motion to Dismiss and in its objections to Judge Lynch's Findings and Recommendations. MCPA's prohibition on class action fails to apply to instant action.

I. **Article III Standing**

Judge Lynch determined "that Hill's alleged loss of interest, which may have been as little as $7.29, is a cognizable injury in fact for purposes of standing. (Doc. 50 at 24.) LLR contends that Judge Lynch's determination runs "contrary to the clear majority of cases" that conclude that a consumer, whose money has been refunded fully before an action commences does not possess Article III standing "by virtue of claimed lost interest on the refunded money." (Doc. 52 at 21.) LLR's objection largely amounts to a rehashing of the argument it made before Judge Lynch in LLR's Motion to Dismiss. *See* (Doc. 20 at 23-25, 26-28.) The Court will

review the pertinent portion of Judge Lynch's Findings and Recommendations for clear error. *See Rosling*, 2014 WL 693315, at *3. The Court finds no error. *See McDonnell Douglas Corp.*, 656 F.2d at 1313.

## II. Standing Under the MCPA

Judge Lynch reasoned that "assuming [LLR] retained the $291.70 in sales tax for three months and the applicable interest rate is 10%, Hill has lost only $7.29 in unpaid interest." (Doc. 50 at 14) (citing (Doc. 42 at 9 n. 6). Judge Lynch determined that Hill alleged sufficiently that "she suffered an ascertainable loss for purposes of establishing standing under the MCPA." (Doc. 50 at 13.)

LLR argues that Judge Lynch's determination proves problematic as Hill has failed to allege that "she actually lost interest during the four-month period LLR took to refund her money" in addition to Hill alleging that she possessed a right to that interest as a legal remedy. (Doc. 52 at 32.) Absent these allegations, LLR contends that Hill has not alleged an ascertainable loss as Judge Lynch concluded. *Id*.

LLR asserted in its Motion to Dismiss that Hill has failed to allege that she suffered an ascertainable loss sufficient enough to confer her standing under the MCPA. (Doc. 20 at 29.) LLR's argument in its objection resembles the argument made in its Motion to Dismiss. The Court will review Judge Lynch's discussion, and conclusion, in the MCPA standing portion of his Findings and

14

Recommendations for clear error. *See Rosling*, 2014 WL 693315, at *3. The Court finds no error. *See McDonnell Douglas Corp.*, 656 F.2d at 1313.

### III. Motion to Strike

Judge Lynch recommended that the Court deny LLR's Motion to Strike Class Allegations. (Doc. 50 at 36.) LLR requests that the Court modify Judge Lynch's recommendation and deny without prejudice LLR's motion so that LLR possesses the option of refilling the motion after the close of discovery. (Doc. 52 at 33.) The Court will modify Judge Lynch's recommendation and will deny without prejudice LLR's Motion to Strike Class Allegations.

Accordingly, IT IS ORDERED:

1. Judge Lynch's Findings and Recommendations (Doc. 50) is ADOPTED IN PART and MODIFIED IN PART.

2. LLR's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) (Doc. 19) is GRANTED IN PART and DENIED IN PART. LLR's motion is granted with respect to Hill's claim for injunctive relief. LLR's motion is denied with respect to Hill's claims for violations of the MCPA and conversion and deceit.

3. LLR's Motion to Dismiss for Failure to State a Claim (Doc. 19) is DENIED.

4. LLR's Motion to Strike Class Allegations (Doc. 19) is DENIED WITHOUT PREJUDICE.

DATED this 11th day of July, 2019.

*/s/ Brian Morris*
Brian Morris
United States District Court Judge