IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MELISSA HILL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br><br>LLR, INC. d/b/a/ LuLaRoe, and LULAROE, INC.<br>Defendants. | CV 18-120-GF-BMM-KLD<br><br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Plaintiff Melissa Hill, on behalf of herself, and all others similarly situated, brought this class action against Defendant LLR, Inc. d/b/a LuLaRoe and Defendant LULAROE, Inc. (collectively "LLR" or "Defendants"). Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b) for lack of subject matter jurisdiction based on lack of standing and failure to state a claim upon which relief may be granted.

Defendants argued the District Court should treat Justice Stevens' concurrence in *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) as the controlling opinion and apply its framework to determine whether Fed. R. Civ. P. 23 preempts the Montana Consumer Protection Act's ("MCPA") ban on class action lawsuits. (Doc. 59 at 2.) This Court entered findings and recommended, in pertinent part, that the District Court deny LLR's

1

motion to dismiss Plaintiff's class claim arising under the MCPA because

presiding United States District Court Judge Brian Morris rejected Defendants'

argument in *Wittman v. CB1, Inc.*, 2016 WL 3093427, at \*5 (D. Mont. June 1,

2016).  LLR objected to this Court's Findings and Recommendation and requested

the District Court reconsider its decision in *Wittman*.  (Doc. 52.)  As requested, the

District Court completed a *de novo* review of the conflict between Rule 23 and the

MCPA ban on class actions.  Upon reaffirming its decision in *Wittman*, the District

Court adopted this Court's recommendation and denied LLR's motion to dismiss

Plaintiff's MCPA class claim.  (Doc. 56.)

Defendants now argue that the issue of whether, under *Shady Grove*, Rule

23 preempts the MCPA's ban on class action lawsuits presents a controlling

question of law.  (Doc. 59 at 2.)  Defendants argue, therefore, that the District

Court's Order ("the Order") denying Defendants' Motion to Dismiss (Doc. 56)

should be certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  (Doc.

59.)

## II.    ANALYSIS

### A.    Legal Standard

Pursuant to 28 U.S.C. § 1292(b), and with the consent of the district court

and court of appeals, a litigant may deviate from the final judgment doctrine and

immediately appeal a non-final order.  *United States v. Woodbury*, 263 F.2d 784,

788 n.11 (9th Cir. 1959). The district court and the court of appeals must find the

following certification requirements are met to certify the order for interlocutory

appeal: (1) the order involves a controlling question of law; (2) as to which there is

substantial ground for difference of opinion, and; (3) an immediate appeal may

materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b);

*Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Upon considering the

statute's legislative history, the Ninth Circuit has made clear that § 1292(b) "must

be construed narrowly" and be applied "only in exceptional situations." *In re*

*Cement Antitrust Litig.,* 673 F.2d 1020, 1026 (9th Cir. 1981); *James v. Price Stern*

*Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). The party requesting

certification bears the burden of showing interlocutory review is warranted, and the

decision to certify an order is committed to the discretion of the court. 28 U.S.C. §

1292(b); *See also Seiffert v. Qwest Corp.*, 2019 WL 859045, at * 1 (D. Mont. Feb.

22, 2019) (citing *Couch*, 611 F.3d at 633).

> ## B. Discussion
>
> ### i. Does the District Court's Order involve a controlling question of law?

LLR argues exceptional circumstances exist to certify the Order for

interlocutory appeal. LLR first argues the Order involves two controlling

questions of law: (1) whether Justice Stevens' concurrence is the controlling

opinion in *Shady Grove*; and (2) whether the District Court should apply the

MCPA's ban on class action lawsuits and dismiss Plaintiff's MCPA class action

claim.  The Order more specifically addressed the question of whether Rule 23

preempts the MCPA's ban on class actions as the District Court concluded in

*Wittman*.[1]  (Doc. 56 at 5.)  The Court will therefore consider whether that issue is a

controlling question of law for review on appeal.

A question of law is controlling if its resolution "on appeal could materially

affect the outcome of the litigation in district court." *In re Cement Antitrust Litig.*,

673 F.2d 1020, 1026 (9th Cir. 1982).  A question that is "separable from and

collateral to the merits of [the] lawsuit" is not controlling.  *In re Cement Antitrust*

*Litig.*, 673 F.2d at 1027.  The Ninth Circuit has concluded that controlling issues of

law may include questions concerning the proper parties to an action and whether

federal law preempts state law.  *In re Cement Antitrust Litig.*, 673 F.2d at 1026;

*Woodbury*, 263 F.2d at 787-88.

Here, LLR argues a controlling issue exists because if the MCPA class

action ban is enforced, Hill and the putative class members would only be able to

assert their MCPA claims individually.  As a result, LLR asserts that Hill's actual

---

[1] In *Wittman*, the District Court analyzed the Supreme Court's decision in *Shady Grove* and declined to follow Justice Stevens' concurrence.  Instead, the District Court looked only to the part of the plurality opinion which five Justices joined, and the pre-*Shady Grove* approach in the Ninth Circuit, to determine whether application of Rule 23 violated the Rules Enabling Act by abridging, enlarging, or modifying substantive rights under the MCPA.

damages would fall below the $75,000 amount in controversy threshold required

for this Court to maintain subject matter jurisdiction over her claim.  Therefore,

without Hill's MCPA class action claim, LLR argues the lawsuit would be

terminated.

LLR correctly argues that adopting Justice Stevens' concurrence as the

controlling opinion in *Shady Grove* would compel a different analysis as to Rule

23's preemption of the MCPA class action ban.  However, the Court is not

persuaded by LLR's argument that implementing Justice Stevens' analysis would

materially affect the outcome of the litigation.

First, even if the Ninth Circuit determined Justice Stevens' concurrence to

be the controlling opinion, the court's application of that opinion could still result

in a finding that Rule 23 preempts the MCPA class action bar.  In fact, a similar

result occurred in *Shady Grove*.  Applying his approach, Justice Stevens reached

the same result as the plurality and found Rule 23 preempted a New York statute

prohibiting class actions.  *Shady Grove*, 559 U.S. at 416 ("The New York law at

issue . . . is a procedural rule that is not part of New York's substantive law.").  In

*Wittman*, Judge Morris similarly concluded the MCPA ban "alters only the

procedural means by which [a remedy] may be pursued."  2016 WL 3093427, *6.

Here, the potential of reaching the same result under Justice Stevens' framework

weakens LLR's argument that its application would materially advance the litigation.

Next, the class action nature of this litigation would not necessarily change even if Justice Stevens' concurrence was deemed controlling and its application enforced the MCPA class action bar.  Although the putative class members could no longer bring a class claim under the MCPA, their class claims for deceit and conversion would likely remain.  While "[a] smaller group of Plaintiffs would have the potential to materially change the outcome of the litigation[,]" here the size of the class would not decrease because two additional class claims remain.  *Seiffert*, 2019 WL 859045 at *2.

LLR argues that without the MCPA class claim, Hill would struggle to meet the amount in controversy requirement for the District Court to continue assuming diversity jurisdiction over this action.  But, as LLR concedes, although Hill would less easily meet the amount in controversy threshold, it is not clear that she would be wholly unable to meet 28 U.S.C. § 1332's requirements.  (Doc. 60 at 14.)  *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018) ("the amount in controversy . . . encompasses all relief a court may grant on th[e] complaint if the plaintiff is victorious[,]" including punitive damages, statutory damages, and

attorney fees.[2])  Meanwhile, if the Order was certified for interlocutory review and then affirmed, the final resolution of the case would be substantially delayed.

Ultimately, interlocutory review would not materially advance this litigation; it would neither terminate this action nor its class action nature.  Rather, all it would resolve is which *Shady Grove* opinion is controlling and whether one of Hill's claims could be certified as a class action.  The Court also notes that LLR can more appropriately raise this issue at the class certification stage, and if necessary, seek interlocutory appeal under Fed. R. Civ. P. 23(f).  As such, the Court concludes this is not an exceptional case warranting certification for interlocutory appeal.

### ii.    Is there substantial ground for difference of opinion concerning a controlling question of law?

The Court has determined that there is not a controlling question of law. Nevertheless, the Court will discuss LLR's argument that there is a substantial ground for difference of opinion concerning whether, under *Shady Grove*, Rule 23 preempts the MCPA's class action ban.  (Doc. 60 at 15.)  District courts determine whether substantial ground for difference of opinion exists by examining "to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633.  Generally, such a

---

[2] Hill's Complaint seeks statutory damages, punitive damages, and attorneys' fees and costs.  She would likely meet the amount in controversy threshold without pleading her MCPA claim as a class action.

difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point[.]"  *Couch*, 611 F.3d at 633.  However, "just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Couch*, 611 F.3d at 633 (citing 3 Federal Procedure, Lawyers Edition § 3:212 (2010)).  Additionally, a party's strong disagreement with the court's order does not constitute substantial difference of opinion.  *Couch*, 611 F.3d at 633.

LLR argues that courts within and outside of the Ninth Circuit are not in agreement as to whether Justice Stevens' concurrence is the controlling opinion in *Shady Grove*.  The Court acknowledges that multiple district courts have adopted Justice Stevens' concurrence while other courts have adhered only to the part of the plurality opinion joined by five Justices.  *See*, *Greene v. Gerber Prods. Co.*, 262 F.Supp. 3d 38, 60 (E.D.N.Y. 2017) (collecting cases adopting Justice Stevens' concurrence); *Wittman*, 2016 WL 3093427, at *5 (collecting cases declining to find Justice Stevens' concurrence controlling).  At the circuit level, it appears only the Tenth Circuit has explicitly adopted Justice Stevens' concurrence as controlling. *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1217 (10th Cir. 2011).  With only one circuit court explicitly adopting Justice Stevens'

8

concurrence as controlling, the Court cannot find a substantial disagreement among the circuit courts exists.

As to the conflict between the MCPA class action ban and Rule 23, the *Wittman* court is the only Montana court to specifically address the issue. A few other federal district courts have discussed the conflict, but their inconsistent decisions have not rendered *Wittman* invalid. *See In re Automotive Parts Antitrust Litig.*, 29 F.Supp. 3d 982, 1013 (E.D. Mich. 2014); *In re Lipitor Antitrust Litig.*, 336 F.Supp. 3d 395, 413-14 (D.N.J. 2018). As previously explained, "[t]he Court has reviewed these cases but is not persuaded that they warrant departing form Judge Morris' well-reasoned decision in *Wittman*." *Hill v. LLR.*, 2019 WL 2404900, *10 (D. Mont. Mar. 8, 2019).

Additionally, any disagreement regarding whether Rule 23 preempts the MCPA class action ban has been contained to the district court level. The Ninth Circuit has yet to address the issue directly. To be certain, it has cited *Shady Grove* in other contexts. For example, in a case considering whether to apply a state's tolling rule to displace federal law, the Ninth Circuit cited the *Shady Grove* plurality for the proposition that "if a proposed class meets Rule 23's criteria, state law cannot prohibit certification." *In re Hyundai and Kia Fuel Economy Litig.*, 926 F.3d 539, 565 (9th Cir. 2019) (en banc).

The Court also notes that the Ninth Circuit cited Justice Stevens' concurrence in *Makaeff v. Trump University, LLC*, 736 F.3d 1180, 1184 (9th Cir. 2013).  LLR urges the Court to interpret the Ninth Circuit's reference to Justice Stevens' concurrence as creating an inter-circuit conflict.  But *Makaeff* is easily distinguishable from the instant matter.  There, the Ninth Circuit addressed a California statute's conflict with Fed. R. Civ. P. 12 and 56.  The court found the textual differences between those rules and Rule 23 rendered *Shady Grove*'s analysis inapplicable to the conflict.  736 F.3d at 1882.  Neither *Makaeff* nor *In re Hyundai* concern the MCPA class action ban, and any apparent disparities in the Ninth Circuit's recognition of which *Shady Grove* opinion is controlling are too minimal to create a substantial ground for difference of opinion.

At most, LLR is urging this Court to recognize "that one precedent rather than another is controlling[.]"  *Couch*, 611 F.3d at 633.  The Court recognizes LLR strongly disagrees with the Order and there is conflict among some district courts regarding which *Shady Grove* opinion controls, and whether Rule 23 preempts the MCPA class action ban.  As explained, however, those considerations fail to present a material difference of opinion warranting interlocutory review.

/ / /

/ / /

### iii.    Would resolution of whether, under *Shady Grove*, Rule 23 preempts the MCPA's ban on class action lawsuits materially advance the litigation?

LLR argues an immediate appeal from the Order may materially advance the

termination of the litigation.  (Doc. 60 at 19.)  LLR asserts that if it prevailed on

appeal, protracted class action litigation would be avoided because the district

court would likely lose subject matter jurisdiction over Hill's claims.  LLR also

argues that immediate appeal could decrease the damages sought even if it did not

result in termination of the litigation.  Finally, LLR argues that even if the Ninth

Circuit were to affirm the Order, the appeal would resolve the controlling question

"that would otherwise hang over the case through trial."  (Doc. 60 at 20.)

As the Court has already explained, the outcome of an appeal in this case

would not materially change the class action nature of this litigation.  The Court

would likely retain subject matter jurisdiction over Hill's individual MCPA claim,

and Hill's class action claims for deceit and conversion would also remain.  The

Court is further unpersuaded by LLR's argument that interlocutory review would

resolve a question that would otherwise hang over the case through trial.  LLR can

raise its concerns with Hill's MCPA class claim at the class certification stage of

this litigation.  If it is displeased with the District Court's certification decision,

LLR has a right to seek interlocutory appeal of the certification order.  *See* Fed. R.

Civ. P. 23(f) ("A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule").

Finally, the Court acknowledges that the amount of damages at issue could significantly decrease if the Ninth Circuit adopts Justice Stevens' concurrence as controlling. However, reaching that result rests on the assumption that under Justice Stevens' approach, the court would determine Rule 23 does not preempt the MCPA ban on class actions. That assumption is tenuous considering Justice Stevens reached the opposite result in *Shady Grove*. A potential decrease in the amount of damages at issue in this action is therefore insufficient for this Court to find that interlocutory review would materially advance this litigation.

## III.   CONCLUSION

Having considered LLR's Motion to Certify Order for Interlocutory Review (Doc. 59), the Court determines that exceptional circumstances do not exist to warrant such review. LLR has not demonstrated that a controlling issue of law exists, that there is substantial ground for difference of opinion on this issue, or that resolving which *Shady Grove* opinion controls would materially advance this litigation.

/ / /

/ / /

Accordingly, **IT IS RECOMMENDED** that:

1.      Defendants' Motion to Certify Order for Interlocutory Appeal (Doc. 59) be **DENIED**;

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 9th day of October, 2019.

_____
Kathleen L. DeSoto
United States Magistrate Judge

13