# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| MELISSA HILL,<br><br>          Plaintiff,<br><br>vs.<br><br>LLR, INC. d/b/a/ LuLaRoe, and LULAROE, LLC,<br><br>          Defendants. | CV 18–120–GF-BMM–KLD<br><br>**ORDER ADOPTING<br>FINDINGS AND RECOMMENDATIONS** |

LLR, Inc., and LULAROE, LLC (collectively "Defendants" or "LLR") filed timely objections, (Doc. 72), to United States Magistrate Judge Kathleen DeSoto's recommendation to deny LLR' Motion to Certify Order for Interlocutory Appeal, (Doc. 71). LLR initially moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Defendants argued that Hill's Montana Consumer Protection Act (MCPA) claim should be dismissed as the MCPA expressly prohibits class actions. (Doc. 20 at 32). United States Magistrate Judge Lynch recommended that the Court deny LLR's motion to dismiss. (Doc. 50).

1

Judge Lynch based his decision, in part, on his determination that *Wittman v. CB1, Inc.*, 2016 WL 3093427 (D. Mont. June 1, 2016) remained good law. This Court held in *Wittman* that Federal Rule of Civil Procedure 23 preempted the MCPA's class action ban. *Id.* at *6. This Court issued an order ("Order") denying Defendants' motion to dismiss and adopting, in part, and modifying, in part, Judge Lynch's Findings and Recommendations. (Doc. 56). The Court modified Judge Lynch's recommendation to deny LLR's Motion to Strike Class Allegations to allow LLR to refile the motion after the close of discovery. (Doc. 56).

LLR then filed a Motion to Certify Order for Interlocutory Appeal. (Doc. 59). The case was transferred to Judge DeSoto, who entered her Findings and Recommendations on October 9, 2019. Judge DeSoto recommended that Defendants' motion be denied. (Doc. 71).

Defendants filed a timely objection and are therefore entitled to de novo review of the specified findings and recommendations to which they object. 28 U.S.C. § 636(b)(1). Those portions of the findings and recommendations to which no party objected will be reviewed for clear error. 28 U.S.C. § 636(b)(1)(A); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Alternatively, where a party's objections constitute "perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments" set forth in the original motion, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D.Mont. Feb. 21, 2014) (internal citations omitted). For the reasons stated below, Judge DeSoto's Findings and Recommendations are adopted in full.

**DISCUSSION**

To certify an order for interlocutory appeal, LLR must demonstrate the following: (1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion, and; (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

Defendants raise two objections to Judge DeSoto's Findings and Recommendations. Defendants contend that Judge DeSoto erred in finding that the Court's Order does not involve a controlling question of law. Defendants also argue that, contrary to Judge DeSoto's conclusion, substantial grounds exist for difference of opinion on the issues presented for interlocutory review. Therefore, the Court conducts a de novo review of the two bases for LLR's objections.

**1. Whether the Order resolved a controlling question of law**

A question of law is controlling if its resolution "on appeal could materially affect the outcome of the litigation in district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). Controlling issues of law may include questions concerning the proper parties to an action and whether federal law preempts state law. *Id.*

LLR's first argues that the application of Justice Stevens' concurrence in *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), constitutes a controlling question of law. LLR points to the fact that the district courts that have analyzed the MCPA under Justice Stevens' concurrence have enforced the MCPA class action ban. As LLR notes, however, district courts have also determined that Rule 23 prevails over the MCPA class action ban without explicitly following Justice Stevens' concurrence of Justice Scalia's plurality opinion in *Shady Grove*. *Shady Grove* itself held that Rule 23 prevailed over a state law banning class actions. *Id.* at 398-407. The Court agrees that the application of Justice Stevens' concurrence does not present a controlling question of law.

Second, LLR takes issue with Judge DeSoto's conclusion that Plaintiff may still be able to meet the $5 million in controversy requirement for 28 U.S.C. § 1332. LLR contends that an issue that would determine a substantial category of damages constitutes a controlling question of law. LLR cites to *Nat'l Union Fire*

4

*Ins. Co. of Pittsburgh, Pa. v. Ready Pac Foods, Inc.*, in support of its argument. No. CV 09-3220, 2011 WL 1059284 (C.D. Cal. March 18, 2011). The district court in *National Union* determined that an issue that would "resol[ve] the largest portion of damages and materially advance the termination of this litigation," constituted a controlling issue of law proper for certification. *Id.* at *3.

The Court agrees that "it is not clear that [Plaintiff] would be wholly unable to meet 28 U.S.C. § 1332's requirements." (Doc. 71 at 6). Judge DeSoto noted that the amount in controversy requirement would encompass a court's award of punitive damages, statutory damages, and attorney fees. *See Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018). Interlocutory review would not materially advance the litigation because the amount in controversy requirement still may be met and because class claims could remain even if the Court were to strike class claims under the MCPA. Further, any questions regarding the scope of the proposed class properly would be reserved for Plaintiff's Motion to Certify a Class. *See Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012).

### 2. Whether there are substantial grounds for difference of opinion on the issue presented for review

Although the Court has concluded that the Order did not resolve a controlling question of law and LLR needs to establish all three of the subparts to certify an issue for interlocutory review, the Court addresses LLR's objection to

Judge DeSoto's conclusion on whether substantial grounds exist for difference of opinion.

The Court looks to "what extent the controlling law is unclear," to address whether substantial grounds exist for differences of opinion. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point." *Couch*, 611 F.3d at 633. An argument that "one precedent rather than another is controlling does not mean there is such a substantial difference of opinion" to support an interlocutory appeal. *Id.*

The question of whether MCPA's class action ban applies in federal court arises from interpretations of the controlling decision of the Supreme Court in *Shady Grove*, 559 U.S. 393. LLR points to a split among district courts on this issue. District courts admittedly have adopted various approaches. LLR confirms that only the Tenth Circuit has adopted Justice Stevens' concurrence as controlling. This Court already has reexamined and affirmed its holding in *Wittman*. (Doc. 56).

The Ninth Circuit has not explicitly addressed whether Rule 23 preempts the MCPA's class action ban. The Ninth Circuit cited to *Shady Grove* in a recent case for the proposition that "if a proposed class meets Rule 23's criteria, state law

cannot prohibit certification." *In re Hyundai and Kia Fuel Economy Litig.*, 926 F.3d 539, 565 (9th Cir. 2019) (en banc).

The Court agrees with Judge DeSoto. The circuit courts are not in dispute on this issue, *Wittman* remains good law, and LLR's insistence on applying contrary precedent from other district courts does not compel a conclusion that substantial grounds for a difference of opinion exist.

**IT IS ORDERED:**

1. Judge DeSoto's Findings and Recommendations (Doc. 71) are **ADOPTED IN FULL**.

2. Defendants' Motion to Certify Order for Interlocutory Review (Doc. 59) is **DENIED**.

DATED this 18th day of November, 2019.

Brian Morris
United States District Court Judge