IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MELISSA HILL, individually and on behalf of others similarly situated,<br><br>     Plaintiff,<br><br>vs.<br><br>LLR, INC. d/b/a/ LuLaRoe, and LULAROE, INC.,<br><br>     Defendants. | CV 18-120-GF-BMM-KLD<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |

Plaintiff Melissa Hill ("Hill"), on behalf of herself and all others similarly situated, brought this putative class action against Defendant LLR, Inc. d/b/a/ LuLaRoe and Defendant LULAROE, Inc. (collectively, "LLR"). Hill asserts claims for conversion, deceit, and violation of the Montana Consumer Protection Act ("MCPA"). Hill seeks damages for the lost time value of overcharged sales tax that LLR collected from Hill, along with statutory and punitive damages. LLR

1

filed a Motion for Summary Judgment and alternative Motion for Partial Summary Judgment on July 17, 2020. (Doc. 99.)

United States Magistrate Judge Kathleen DeSoto entered Findings and Recommendations for LLR's motion on September 3, 2020. (Doc. 125.) Judge DeSoto recommends that this Court grant in part and deny in part LLR's summary judgment motion: grant summary judgment in favor of LLR on Hill's claims for conversion and deceit, and deny summary judgment to LLR on Hill's MCPA claim. (Doc. 125 at 14.) LLR objected to the portion of Judge DeSoto's Findings and Recommendations pertaining to the MCPA claim, arguing that Judge DeSoto misinterpreted Montana law as to the threshold "ascertainable loss" showing requirement for individual complainants asserting an MCPA claim. (Doc. 127.)

This Court reviews de novo those Findings and Recommendations to which a party timely objected.  28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).  Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original motion, however, the Court will review the applicable portions of the Findings and Recommendations

for clear error. *Rosling v. Kirkegard*, 2014 WL 693315, *3 (D. Mont. Feb 21, 2014). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). LLR's objection reasserts the same arguments made before Judge DeSoto in her summary judgment determination; therefore, we review the objected-to portion of the Findings and Recommendations for clear error.

The MCPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." Mont. Code Ann. § 30-14-103. To proceed on an individual claim under the MCPA, plaintiffs must show that they suffered "any ascertainable loss of money or property, real or personal." Mont. Code. Ann. § 30-14-133(1). "In applying the terms in the MCPA, the statute is to be 'liberally construed.' . . . Consistent therewith, . . . an 'ascertainable loss of money and property' does not require a showing of 'actual damages.'" *Bratton v. Sisters of Charity Leavenworth Health Sys., Inc.*, 461 P.3d 127, 134 (Mont. 2020) (citations omitted).

LLR operates a multi-level marketing company that sells clothing through independent retailers in all fifty states. The company began levying taxes on consumers in April 2016 based on retailer location, regardless of the delivery

3

location of the products. This policy resulted in LLR improperly taxing customers who resided in states with no sales tax. Judge DeSoto's Findings and Recommendations aptly characterized the crux of the present litigation—LLR's practice of systematically overcharging sales tax on consumers in tax-free jurisdictions which resulted in injury to those consumers. (Doc. 125 at 3.)

LLR eventually issued refunds to its customers in tax-free states, including Hill, whose purchases had been taxed improperly. At the time, LLR believed that the refunds reflected only the amounts that it improperly had charged without any interest or other damages added. Hill then filed the present action on behalf of herself and putative class members. LLR later realized that the money it refunded to Hill was actually in excess of the combined amount of taxes Hill paid *and* any interest which accrued as a result of the improperly charged funds. LLR claims that this repayment to Hill of the taxed amount plus interest expels any ascertainable loss suffered by Hill, thereby defeating her claim under the MCPA. LLR cites the recent Montana Supreme Court decision in *Bratton* as decisive of the issue in the present case. 461 P.3d at 134.

*Bratton* involved a defendant overcharging a plaintiff $27.75 for certain medical services, that resulted in the plaintiff's temporary deprivation of her money. *Id.* at 129. The defendant refunded the money to the plaintiff in the form of

4

two prepaid MasterCard debit cards. The plaintiff sued, alleging the defendant's method of refund—the issuance of the prepaid debit cards—violated the MCPA. The court disagreed, holding that the plaintiff "ha[d] not demonstrated any injury *in the refund process* employed by [the defendant]." *Id.* at 135 (emphasis added). As a result, the plaintiff's claim under the MCPA was properly dismissed because of the plaintiff's failure to show an ascertainable injury that occurred as a result of the defendant's process of issuing refunds.

Judge DeSoto found, and this Court agrees, that the plaintiff's claim under *Bratton* was distinguishable from Hill's present claim. Unlike the plaintiff in *Bratton*, who took issue with the defendant's method of issuing refunds, Hill asserts that the billing process itself, and the temporary deprivation of her money, is the source of Hill's ascertainable injury under the MCPA.

The Ninth Circuit recently determined that "the temporary deprivation of money gives rise to an injury in fact for purposes of Article III standing," and that compensation for loss of use of money should be provided "through either an award of damages or the payment of prejudgment interest." *Van v. LLR*, 962 F.3d 1160, 1164 (9th Cir. 2020). *Van* involved the same defendant, LLR, sued by an Alaskan plaintiff for the same overcharging of sales tax. The facts in *Van* differ, however, in that LLR refunded the plaintiff only the money she was wrongfully

5

charged and did not provide the interest owed—$3.76—for the withheld funds. *Id.* at 1161. The Ninth Circuit concluded that the plaintiff's injury in *Van* did not disappear upon reimbursement of the withheld funds and quoted an Eleventh Circuit decision: "The inability to have and use money to which a party is entitled is a concrete injury. [The plaintiff]'s harm cannot be remedied by simply receiving the amount owed—it requires something more to compensate for the lost time, like interest." *Id.* at 1163 (quoting *MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1318 (11th Cir. 2019)). The Ninth Circuit reaffirmed "the firmly established principle that tort victims should be compensated for loss of use of money—through either an award of damages or the payment of prejudgment interest." *Van*, 962 F.3d at 1164; *see also West Virginia v. United States*, 479 U.S. 305, 310 n. 2 (1987) ("Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress.").

    This Court agrees, somewhat reluctantly, with Judge DeSoto that Ninth Circuit precedent recognizes that the temporary deprivation of money represents an ascertainable injury. LLR temporarily deprived Hill of money, and that deprivation presents an ascertainable injury under the MCPA. The Court's reluctance arises

from the facts presented here. LLR improperly collected sales tax from Hill based on a false presumption regarding the location of the retailer compared to the location of the consumer. Hill later received a surplus refund covering both the amount she had been overcharged in sales tax *and* interest on the temporary deprivation. Although the refund was mistakenly in excess of the amount collected in tax, LLR has since calculated the interest, from the date the funds were improperly received to the date the funds were returned to Hill, as totaling $7.29. This interest amount was more than covered in the refund that Hill received from LLR, which, notably, occurred before Hill's filing of the present suit.

     Hill's claim under the MCPA may proceed, and at the conclusion, if Hill is successful, LLR could be liable for prejudgment interest (calculated from the time Hill overpaid sales tax up to the court's entry of final judgment), Hill's attorney fees (Mont. Code Ann. § 30-14-133(3)), and "up to three times the actual damages sustained" by Hill (Mont. Code Ann. § 30-14-133(1)). This result means that no matter what steps LLR took to remedy its error in improperly collecting sales tax before initiation of these proceedings, including reimbursement of the withheld amount plus interest, it must still resign itself to inevitable litigation and costs associated with that litigation, incurred both by LLR in defending the suit and by Hill in prosecuting it. This result, although technically within the bounds of the

letter of the law, seems outside the spirit of the MCPA to hold accountable those entities engaging in unfair practices which "offends established public policy and . . . [are] either immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Morrow v. Bank of America, N.A.*, 324 P.3d 1167, 1184 (Mont. 2014).

The Court reviewed for clear error Judge DeSoto's Findings and Recommendations regarding Hill's claim under the MCPA. Having found no error, accordingly, **IT IS HEREBY ORDERED** that Judge DeSoto's Findings and Recommendations (Doc. 125) are **ADOPTED IN FULL.**

**IT IS FURTHER ORDERED** that LLR's Motion for Summary Judgment (Doc. 99) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. LLR's Motion for Summary Judgment (Doc. 99) is **DENIED** as to Hill's claim under the MCPA;

2. LLR's Motion for Summary Judgment (Doc. 99) is **GRANTED** as to Hill's claim for conversion; and

3. LLR's Motion for Summary Judgment (Doc. 99) is **GRANTED** as to Hill's claim for deceit.

DATED this 5th day of October, 2020.

_____

Brian Morris
United States District Court Judge

9